IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CALEB BANKS,

        Plaintiff,

v.                                                     CIVIL ACTION NO. 2:18-cv-00259

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand, (ECF No. 9), and Defendants Kenneth Conaway ("Mr. Conaway"), Betsy Ross ("Ms. Ross"), and Lisa McGahan's ("Ms. McGahan") (collectively "Nationwide Adjusters") Motion to Dismiss, (ECF No. 4). For the reasons stated herein, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Nationwide Adjusters' Motion to Dismiss.[1]

### I. BACKGROUND

This case arises out of an insurance claim involving a house fire in the Southern District of West Virginia of a residence owned by Plaintiff and insured by Defendant Nationwide Property & Casualty Insurance Company ("Nationwide"). (*See* ECF No. 1 at 4–7.) On October 22, 2017,

---

[1] Defendant Nationwide also has a motion pending before the Court to correct its notice of removal. (ECF No. 3.) For reasons appearing to the Court and with no indication of opposition by Plaintiff, the Court **GRANTS** the motion.

a house fire occurred at Plaintiff's residence resulting in severe damage to the dwelling and the personal property inside. (*Id*. at 5.) Plaintiff insured his residence through Nationwide and submitted a claim for insurance benefits to Nationwide following the fire. (*Id*.) Upon Plaintiff's submission, Nationwide began its investigation, which included Plaintiff having to produce certain materials and documents, execute releases and authorizations, and submit to an examination under oath. (*Id*. at 6.) Nationwide additionally interviewed Plaintiff's neighbors and acquaintances. (*Id*.) Having complied with Nationwide's requests but not having received his payment, Plaintiff was dismayed and took legal action. (ECF No. 11 at 3.)

On December 29, 2017, Plaintiff filed his Complaint in the Circuit Court of Kanawha County, West Virginia. (ECF No. 1-1 at 4.) The Complaint states that despite Plaintiff's full cooperation and timely filing of his claim, Nationwide denied his claim and failed to properly settle the claim, and as a result, he "has been deprived of the use and enjoyment of [his residence], as well as his personal property, and . . . has not been compensated and paid by Defendant Nationwide for the covered losses and damages." *See* Compl. ¶¶ 1–20, 29. The Complaint further alleges that these actions by the Defendants were "part of a general business practice and constitutes unfair claims settlement practices under applicable consumer protection statutes and regulations." *See* Compl. ¶¶ 28–38. The Complaint demands compensatory damages for Plaintiff's net economic damages, for "Defendants' business practice of violating the Unfair Trade Practices Act," interest, costs and attorney's fees, and punitive damages against Nationwide. (*See* ECF No. 1-1 at 11.)

Defendants removed the case to this Court on February 5, 2018. (ECF No. 1.) Defendants assert that the parties are diverse and the amount in controversy exceeds $75,000 in satisfaction of 28 U.S.C. § 1332. (*See* ECF No. 1 at 3–9.) Defendants argue that although Ms.

Ross is a West Virginia citizen, her citizenship should be disregarded because she is a nominal and fraudulently joined party. (*See id*. at 5–8.) Plaintiff filed the current Motion to Remand on February 26, 2018, in which he asserts that this Court lacks diversity jurisdiction over the matter because Ms. Ross is a West Virginia citizen and was not fraudulently joined. (*See* ECF No. 10 at 3–7.) Defendant Nationwide responded to the motion on March 12, 2018, (ECF No. 15), and Plaintiff filed his reply brief on March 19, 2018, (ECF No. 17). Defendant Nationwide Adjusters filed the current Motion to Dismiss Count III on February 12, 2018, (ECF No. 4), asserting that Plaintiff has failed to allege sufficient facts against any of the Nationwide Adjusters to support a claim under the Unfair Trade Practices Act. (*See* ECF No. 5 at 1.) Plaintiff responded to the motion on February 26, 2018, (ECF No. 11), and Defendant Nationwide Adjusters filed their reply brief on March 5, 2018, (ECF No. 13). As such, these motions are fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

A. Jurisdiction

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have

> original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)). The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). In evaluating a party's claim to federal jurisdiction, a court should look toward the circumstances as they existed at the time the notice of removal was filed. *See Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." (citation omitted)).

The Supreme Court has long "read the statutory formulation 'between . . . citizens of different States'" in Section 1332(a)(1) "to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "[T]he 'complete diversity' rule clarifies that the statute authorizing diversity jurisdiction over civil actions between a citizen of a state where the suit is brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted). "This . . . rule . . . makes it difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit prior to removal." *Id.*

4

"There are, however, certain limited exceptions to the complete diversity requirement." *Mansfield v. Vanderbilt Mortg. & Fin., Inc.*, 29 F. Supp. 3d 645, 651 (E.D.N.C. 2014). One exception to the complete diversity requirement is fraudulent joinder. The Fourth Circuit lays a "heavy burden" upon a defendant claiming fraudulent joinder. *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). "The removing party must show either 'outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Id*. (quoting *Hartley*, 187 F.3d at 424).

This "rigorous standard" strongly favors the plaintiff seeking remand. *Id*. It requires a showing not of ultimate success on the merits of the claim, but only of a "possibility of a right to relief" against the nondiverse defendant. *Id.* (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993)). In making this determination, the plaintiff is entitled to the resolution of all factual and legal issues in her favor. *Mayes*, 198 F.3d at 465. The standard for fraudulent joinder is "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424; *see also Allard v. Laroya*, 163 F. Supp. 3d 309, 311 n.2 (E.D. Va. Feb. 5, 2016) (noting that *Hartley* was decided before the Supreme Court's recent heightening of the federal pleading standard and, thus, that the Fourth Circuit's statement "was noting that the fraudulent joinder standard is higher than the old possibility standard of 12(b)(6)"). Fraudulent joinder claims are thus "subject to a rather black-and-white analysis in this circuit," with "[a]ny shades of gray . . . resolved in favor of remand." *Adkins v. Consolidation Coal Co.*, 856 F. Supp. 2d 817, 820 (S.D. W. Va. 2012). "Once the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Hartley*, 187 F.3d at 426.

Given the "draconian" rigor of this standard, *Fleming v. United Teachers Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 662 (S.D. W. Va. 2003), "fraudulent joinder is typically only found in cases of legal impossibility." *Flores v. Ethicon, Inc.*, 563 F. App'x 266, 269 (4th Cir. 2014); *see also Kallman v. Aronchick*, 981 F. Supp. 2d 372, 380 (E.D. Pa. 2013) (noting that a "finding of fraudulent joinder is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility" (quoting *West v. Marriott Hotel Servs., Inc.*, Civil Action No. 10–4130, 2010 WL 4343540, at *3 (E.D. Pa. Nov. 2, 2010))). Nonetheless, a complaint may be "so inadequate and the record so entirely lacking in factual support that [a court] can only reasonably conclude that the non-diverse defendants were added to defeat jurisdiction." *Flores*, 563 F. App'x at 269. In such cases, where the plaintiff fails to make any allegations that could allow a court to reasonably infer a cause of action, a finding of fraudulent joinder is appropriate. *Id.* at 270; *see also AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (noting that fraudulent joinder exists where no cause of action is stated against a nondiverse defendant).

In general, when determining the issue of fraudulent joinder, a court "is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling*, 903 F.2d at 1004 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)). However, consideration of matters outside the pleadings are discretionary, *see Flores*, 563 F. App'x at 269 (noting that a court is "only permitted, not required, to look beyond the complaint to determine the propriety of removal"), and the Court is mindful of the Fourth Circuit's recognition that permitting "extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdiction

6

rules," *Hartley*, 187 F.3d at 425, and direction to "minimize threshold litigation over jurisdiction," *id*.

B. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled on other grounds, *Twombly*, 550 U.S. at 563); *see also Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint. . . .'" *Erickson*, 551 U.S. at 94 (quoting *Twombly*, 550 U.S. at 555–56); *see also S.C. Dept. of Health and Envt'l Control v. Commerce and Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court must likewise "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor. . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

7

Although "detailed factual allegations" are not necessary, the facts alleged must be enough "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," or "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663, 678.

## III. ANALYSIS

The Unfair Trade Practices Act ("UTPA"), West Virginia Code § 33-11-1 *et seq.*, provides a cause of action for unfair trade practices. Section 33-11-4(9) of the UTPA provides remedies for conduct determined to be unfair claim settlement practices that are "commit[ed] or perform[ed] with such frequency as to indicate a general business practice." To maintain a cause of action under the UTPA, "more than a single isolated violation . . . must be shown" to demonstrate the existence of a "general business practice." Syl. Pt. 3, *Jenkins v. J.C. Penney Cas. Ins. Co.*, 280 S.E.2d 252 (1981). When a violation of the UTPA is based upon an insurance company's conduct in the settlement of a single claim:

> [T]he evidence should establish that the conduct in question constitutes more than a single violation of [the UTPA], that the violations arise from separate, discrete acts or omissions in the claim settlement, and that they arise from a habit, custom, usage, or business policy of the insurer, so that, viewing the conduct as a whole, the finder of fact is able to conclude that the practice or practices are sufficiently pervasive or sufficiently sanctioned by the insurance company that the conduct can be considered a "general business practice" and can be distinguished by fair minds from an isolated event.

*Dodrill v. Nationwide Mut. Inc. Co.*, 491 S.E.2d 1, 13 (1996).

Even accepting all of Plaintiff's facts as true, he has not pled the requisite facts to sustain a claim under the UTPA against the Nationwide Adjusters. Plaintiff makes only a few factual statements in his complaint: (1) that he is a resident of Kanawha County, West Virginia, (2) that

8

Nationwide is doing business in West Virginia, (3) that Mr. Conaway is a resident of Ohio, (4) that Ms. Ross is a resident of West Virginia, (5) that Ms. McGahan resides "outside the State of West Virginia," (6) that his house was destroyed in a fire on or about October 22, 2017, (7) that he filed a timely claim with Nationwide following the fire, (5) that he paid his premiums and fully cooperated with all requests by Nationwide during the investigation, (6) that despite his full cooperation, Nationwide had adequate notice and time to investigate the claim, yet failed to properly settle the claim, and as a result, (7) he "has been deprived of the use and enjoyment of [his residence], as well as his personal property, and . . . has not been compensated and paid by Defendant Nationwide for the covered losses and damages." *See* Compl. ¶¶ 1–20, 29. Plaintiff fails to even mention any of the Nationwide Adjusters until paragraph 30. Compl. ¶ 30. Stripped of the threadbare recitation of portions of the UTPA and his conclusory allegations, Plaintiff's complaint does not adequately allege or demonstrate that the Nationwide Adjusters have engaged in a "general business practice" in violation of the UTPA. Therefore, the Court **GRANTS** the motion to dismiss.

On this basis, the Court also finds that the Nationwide Adjusters have been fraudulently joined and **DENIES** Plaintiff's motion to remand. Even when considering Plaintiff's allegations under the liberal standard, which is to be even more favorable to plaintiffs under fraudulent joinder than motions to dismiss, *Hartley*, 187 F.3d at 424, Plaintiff has failed to allege any factual allegations against the Nationwide Adjusters. This failure by Plaintiff to make any allegations that could allow this Court to reasonably infer a cause of action makes a finding of fraudulent joinder appropriate.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the Nationwide Adjusters were fraudulently joined and that Plaintiff has failed to state a claim against them. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand, (ECF No. 9), **GRANTS** Nationwide Adjusters' Motion to Dismiss, (ECF No. 4), **DISMISSES** Count III from Plaintiff's Complaint, and **DISMISSES** Defendants Kenneth Conway, Betsy Ross, and Lisa McGahan from the case.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 13, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE