**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CALEB BANKS,

                Plaintiff,

v.                                      CIVIL ACTION NO.   2:18-cv-00259

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY, et al.,

                Defendants.


**MEMORANDUM OPINION AND ORDER**


Pending before the Court is Defendant Nationwide Property & Casualty Insurance Company's ("Nationwide") Motion to Dismiss, (ECF No. 6).   For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Nationwide's Motion to Dismiss.


*I.   BACKGROUND*


On October 22, 2017, a fire occurred at Plaintiff's residence resulting in severe damage to the dwelling and the personal property inside.  (*Id*. at 5.)   Plaintiff insured his residence through Nationwide and submitted a claim for insurance benefits to Nationwide following the fire.  (*Id*.)   Upon Plaintiff's submission, Nationwide began its investigation, which included requiring Plaintiff to produce certain materials and documents, execute releases and authorizations, and submit to an examination under oath.   (*Id*. at 6.)   Nationwide additionally interviewed Plaintiff's

1

neighbors and acquaintances. (*Id.*) Having complied with Nationwide's requests but not having received his payment, Plaintiff took legal action. (ECF No. 11 at 3.)

On December 29, 2017, Plaintiff filed his Complaint in the Circuit Court of Kanawha County, West Virginia. (ECF No. 1-1 at 4.) The Complaint states that despite Plaintiff's full cooperation and timely filing of his claim, Nationwide denied his claim and failed to properly settle the claim, and as a result, he "has been deprived of the use and enjoyment of [his residence], as well as his personal property, and . . . has not been compensated and paid by Defendant Nationwide for the covered losses and damages." *See* Compl. ¶¶ 1–20, 29. The Complaint further alleges that these actions by the Defendants were "part of a general business practice and constitutes unfair claims settlement practices under applicable consumer protection statutes and regulations." *See* Compl. ¶¶ 28–38. The Complaint demands compensatory damages for Plaintiff's net economic damages, for "Defendants' business practice of violating the Unfair Trade Practices Act," interest, costs and attorney's fees, and punitive damages against Nationwide. (*See* ECF No. 1-1 at 11.)

Defendants removed the case to this Court on February 5, 2018. (ECF No. 1.) On July 13, 2018, this Court denied Plaintiff's Motion to Remand, granted Defendants Kenneth Conway, Betsy Ross, and Lisa McGahan's Motion to Dismiss Count III of Plaintiff's Complaint, and dismissed Count III and those defendants from this action. (ECF No. 44.) Nationwide filed the current Motion to Dismiss on February 12, 2018, (ECF No. 6), asserting that Plaintiff has prematurely filed his claim and that this Court lacks subject matter jurisdiction based on ripeness. (*See* ECF No. 7 at 1.) Plaintiff responded to the motion on February 26, 2018, (ECF No. 11), and Nationwide filed its reply brief on March 5, 2018, (ECF No. 14). As such, this motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled on other grounds, *Twombly*, 550 U.S. at 563); *see also Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint. . . .'" *Erickson*, 551 U.S. at 94 (quoting *Twombly*, 550 U.S. at 555–56); *see also S.C. Dept. of Health and Envt'l Control v. Commerce and Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court must likewise "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor. . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although "detailed factual allegations" are not necessary, the facts alleged must be enough "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation," or "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663, 678.

### III. ANALYSIS

Nationwide argues that this Court lacks subject matter jurisdiction because Plaintiff's claims are not ripe since Nationwide never denied the insurance claim at issue. (*See* ECF No. 7 at 2–6.) Plaintiff argues that Nationwide's motion is actually a motion for summary judgment prior to discovery. (ECF No. 11 at 6–7.) Plaintiff further maintains that he has set forth valid causes of actions against Nationwide due to Nationwide's delay in payment of the benefits due. (*Id*. at 7–14.)

This Court lacks subject matter jurisdiction to hear any case that is not ripe for adjudication. Fed. R. Civ. P. 12(b)(1). A case is ripe when "the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *See Miller v. Brown*, 42 F.2d 312, 318 (4th Cir. 2006). Thus, a claim "should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact remains wholly speculative." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013). To determine if a case is ripe, a court must "balance 'the fitness of the issues for judicial decision with the hardship of the parties of withholding the court's consideration.'" *Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002) (quoting *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 733 (1998)). As noted earlier, the Court has already dismissed Count III from Plaintiff's Complaint. (*See* ECF No. 44.) Therefore, the Court will address the ripeness of Plaintiff's two remaining claims separately.

A. Breach of Contract

In his Complaint, Plaintiff alleges that "Nationwide's failure and refusal to pay for the covered damages the Plaintiff sustained as a result of the October 22, 2017 fire loss constitutes a breach of the terms of Defendant Nationwide's Policy and Defendant Nationwide's contractual duties to the Plaintiff."   (*See* ECF No. 1-1 at ¶ 22.)   Nationwide argues that since it has not denied Plaintiff's claim and is still conducting its investigation regarding the claim, Plaintiff's breach of contract claim is premature.   (ECF No. 7 at 4–5.)

To state a breach of contract claim under West Virginia law, a plaintiff must allege facts that show "the existence of a valid contract; that plaintiff has performed under that contract; that the defendant has breached or violated its duties or obligations under the contract; and that the plaintiff has been injured as a result."   *Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, 681 F. Supp. 2d 694, 714 (S.D. W. Va. 2009).   "[A] plaintiff must allege in his complaint 'the breach on which the plaintiffs found their action . . . and the facts and circumstances which entitle them to damages."   *Id*. (quoting *White v. Roman*, 3 S.E. 14, 16 (W. Va. 1887)).

Here, the Complaint does not sufficiently allege facts that show that Nationwide breached or violated its duties under the insurance contract.   The only fact that Plaintiff alleges to show that Nationwide breached the contract is that Nationwide failed and refused to pay for the covered damages.   (*See* ECF No. 1-1 at ¶¶ 19, 20, 22.)   However, Plaintiff does not allege any facts that suggest that Nationwide wrongfully denied his claim or violated its obligations by not providing coverage.   Thus, this Court agrees with Nationwide that the breach of contract claim is not ripe. *See Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 509 F. App'x 919, 922–23 (11th Cir. 2013) (holding that the breach of contract claims were not ripe at the time the lawsuit was filed because the insurance company had not denied the claims but finding they were

ripe at the time the district court ruled on the case because the insurance company had since denied coverage); *see also Syron v. ReliaStar Life Ins. Co.*, 506 F. App'x 500, 505 (6th Cir. 2012) (finding that a breach of contract claim became ripe once the insurance company determined that the term policy was void and it owed the plaintiff nothing); *Collins v. Nationwide Mut. Ins. Co.*, No. 17-0093, 2017 WL 1901630, at * 1 (S.D. Ala. May 9, 2017) ("A claim of breach of contract . . . presupposes that the insurer has already violated a contractual duty to pay . . . ."). Accordingly, the Court **DISMISSES** Count I of the Complaint.

B.  Bad Faith / Breach of Good Faith and Fair Dealing

Count II of Plaintiff's Complaint alleges "Nationwide breached its common-law duty of good faith and fair dealing to the plaintiff, such that its conduct amounts to 'common-law bad faith.'" (*See* ECF No. 1-1 at ¶ 25.) Specifically, Plaintiff alleges that by "failing to conduct an adequate, timely and thorough investigation," "refusing to pay applicable policy benefits," and "favoring its own interests," Nationwide acted in bad faith and breached its fiduciary duties and duty of good faith and fair dealing. (*See id*. at ¶ 26–27.) Nationwide argues that neither claim is ripe for adjudication by this Court as these extra-contractual claims rely on a breach of contract that has not occurred. (*See* ECF No. 7 at 6.) However, Nationwide concedes that, as this Court has previously held in *Blevins v. Nationwide*, No. 2:17-03692, WL 6626330 (S.D. W. Va. Dec. 12, 2017), should the Court find Plaintiff's claims to be ripe, a ruling limiting Plaintiff's claims to those that have arisen under an alleged delay of payment would be appropriate. (*See* ECF No. 14 at 2 n.2.)

The Court will understand this claim as Plaintiff's attempt to allege a claim of bad faith and a claim of breach of good faith and fair dealing.   As such, the Court will address both claims in turn.

i.      Bad Faith Claim

This Court has held that a formal denial of coverage is not required because common law bad faith damages are premised on the delay in settlement.   *See Bailey v. Bradford*, 12 F. Supp. 3d 826, 841 (S.D. W. Va. 2014) (quoting *Miller*, 500 S.E.2d at 321 n.6 (Additionally to the extent that Nationwide suggests a formal "denial of coverage" is required for Plaintiff to substantially prevail, again, the applicable authority appears to be to the contrary. Indeed, the West Virginia Supreme Court of Appeals observed in *Miller* that "[u]nder *Hayseeds*, the policyholder's consequential damages are based upon the insurance carrier's delay in settlement . . . ."). Therefore, as this Court has previously held in *Blevins*, to the extent Plaintiff alleges a bad faith claim against Nationwide for delaying the payment of his insurance proceeds, the claim survives this stage of the proceedings. Thus, the bad faith claim under Count II will proceed insofar as it relates to allegations that Nationwide delayed investigation and payment of Plaintiff's claim.

ii.      Breach of Good Faith and Fair Dealing

This Court has recognized that West Virginia law "implies a covenant of good faith and fair dealing in every contract for purposes of evaluating a party's performance of that contract." *See Hanshaw v. Wells Fargo Bank, N.A.*, No. 2:14-28042, 2015 WL 5345439, at *17 (S.D. W. Va. Sept. 11, 2015) (quoting *Stand Energy Corp. v. Columbia Gas Transmission Corp.*, 373 10 F. Supp. 2d 631, 644 (S.D. W. Va. 2005)). However, this covenant does not provide for an independent claim. *See id.* (citing *Corder v. Countrywide Home Loans, Inc.*, No. 2:10-0738, 2011

WL 4263506, at *3 (S.D. W. Va. Jan. 26, 2011)). A claim for breach of the common law duty of good faith must be brought with an express breach of contract claim; thus, "this claim will live or die by the [express breach of contract] claim in [the same complaint]." *Clendenin v. Wells Fargo Bank, N.A.*, No. 2:09-00557, 2009 WL 4263506, at *5 (S.D. W. Va. Nov. 24, 2009) (holding that the claim for breach of the covenant of good faith and fair dealing must be dismissed because the breach of contract claim was dismissed).

Accordingly, to the extent Plaintiff is asserting a claim for breach of the covenant of good faith and fair dealing under Count II of his Complaint, he cannot assert such a claim without asserting a proper breach of contract claim. Therefore, the breach of good faith and fair dealing claim that stems from the above, dismissed breach of contract claim must also be **DISMISSED**.

## IV. CONCLUSION

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Nationwide's Motion to Dismiss, (ECF No. 6). The Court **DISMISSES** Count I from Plaintiff's Complaint and **DISMISSES IN PART** Count II of the Complaint insofar as it alleges claims of bad faith and breach of good faith and fair dealing relating to Nationwide's failure to pay Plaintiff's insurance claim. Count II may only proceed as a claim alleging bad faith under the limitations articulated by this Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     July 23, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE