# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CALEB BANKS,

          Plaintiff,

v.                                         CIVIL ACTION NO. 2:18-cv-00259

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY, et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiff Caleb Banks's ("Plaintiff") motion to reconsider this Court's previous rulings dismissing several employees of Defendant Nationwide Property & Casualty Insurance Company ("Nationwide") from the action and denying Plaintiff's motion to remand the case to state court. (ECF No. 52; *see* ECF Nos. 44, 45.) Plaintiff contends that Defendants Kenneth R. Conaway ("Conaway"), Betsy Ross ("Ross"), and Lisa McGahan ("McGahan") (collectively, "Nationwide Adjusters") were not fraudulently joined in the action and seeks to amend his complaint to plead additional facts about Nationwide Adjusters' conduct. (*See* ECF No. 100.) For the reasons explained more fully herein, this Court **GRANTS** Plaintiff's motion for leave to amend the complaint, (ECF No. 100), and **REMANDS** this matter to the Circuit Court of Kanawha County, West Virginia, for lack of subject matter jurisdiction. Plaintiff's motion to reconsider, (ECF No. 52), is **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff filed this action in state court on December 29, 2017, alleging that Nationwide and Nationwide Adjusters failed to timely investigate and make payment on his fire loss claim. (*See* ECF No. 1-1 at 4–11.) Nationwide and Nationwide Adjusters removed the case to this Court on February 5, 2018, contending that Ross, whom Plaintiff alleged to be a citizen of West Virginia, was fraudulently joined as a defendant in order to defeat diversity jurisdiction. (ECF No. 1.)

Shortly after removal, Nationwide Adjusters filed a motion to dismiss Plaintiff's claims against them. (ECF No. 4.) Plaintiff also filed a motion to remand the case to state court. (ECF No. 9.) In an Order entered on July 13, 2018, this Court denied Plaintiff's motion to remand and granted Nationwide Adjusters' motion to dismiss. (ECF No. 44.) This Court held that Nationwide Adjusters were fraudulently joined in the action because Plaintiff failed to plead sufficient facts to support a claim against them under the West Virginia Unfair Trade Practices Act ("WVUTPA"), W. Va. Code § 33-11-1, *et seq.* (*See id.*)[1]

On July 31, 2018, Plaintiff filed the motion to reconsider presently pending before this Court, arguing that this Court should alter its rulings with respect to the motions to dismiss and the motion to remand in light of evidence obtained during discovery. (ECF No. 52.) Nationwide filed a timely response, (ECF No. 69), and Plaintiff filed a timely reply, (ECF No. 71). On January 7, 2019, Plaintiff filed a supplemental memorandum that includes a request to amend the complaint to conform to the newly discovered evidence. (ECF No. 100.)[2] Nationwide filed a

---

[1] Nationwide also filed a motion to dismiss certain claims against it because it had not yet acted on Plaintiff's fire loss claim. (ECF No. 6.) In an Order entered on July 23, 2018, this Court dismissed Plaintiff's breach of contract claim as not ripe for adjudication and Plaintiff's breach of the covenant of good faith and fair dealing claim as indistinct from the breach of contract claim. (ECF No. 45.)

[2] This Court construes the supplemental memorandum as a motion to amend the complaint.

timely response, (ECF No. 101), and Plaintiff filed a timely reply, (ECF No. 102). As such, this matter is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

"[T]he grant or denial of an opportunity to amend [the complaint] is within the discretion of the district court." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (internal quotation marks omitted). This Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, this Court "may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); *see Drager*, 741 F.3d at 474 (clarifying that "[a] district court's denial of leave to amend is appropriate" only under these three circumstances).

If, as here, a proposed amendment purports to destroy this Court's subject matter jurisdiction by adding a nondiverse defendant, this Court "may deny joinder, or permit joinder and remand the action to the State court" from which it was removed. 28 U.S.C. § 1447(e); *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir. 1999) (clarifying that "[t]hese are the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant"); *see Dotson v. Elite Oil Field Servs., Inc.*, 91 F. Supp. 3d 865, 875 (N.D.W. Va. 2015) (explaining that this Court must apply § 1447(e) when the "amended complaint would add . . . a non-diverse defendant who has been dismissed from the original complaint"). In making this determination, this Court considers "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be

3

significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Mayes*, 198 F.3d at 462.

### III. DISCUSSION

Plaintiff seeks to amend his complaint to add factual support for his claims against Nationwide and Nationwide Adjusters. (*See* ECF No. 100 at 6–8; ECF No. 100-1.) The proposed amended complaint provides additional information about Nationwide Adjusters' involvement in the investigation of Plaintiff's fire loss claim and more specifically describes the conduct on which he bases his claims against Nationwide Adjusters. (*Compare* ECF No. 100-1, *with* ECF No. 1-1 at 4–11.) Plaintiff also seeks to modify his contractual claims against Nationwide to reflect Nationwide's partial payment of his claim. (*See* ECF No. 100-1 at 9–12.) Finally, the proposed amended complaint includes allegations related to Nationwide and Nationwide Adjusters' conduct that occurred after this action was filed. (*See* ECF No. 100-1.) Nationwide urges this Court to deny Plaintiff's motion for leave to amend because Plaintiff unduly delayed his request to amend and did so in bad faith. (ECF No. 101 at 4–6.)

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (quoting *Laber*, 438 F.3d at 427). Nationwide accurately asserts that Plaintiff's request for leave to amend the complaint comes after the discovery and dispositive motion deadlines.[3] (ECF No. 101 at 5–6; *see* ECF No. 18.) However, Plaintiff filed his initial motion to reconsider on July 31, 2018, one week after this Court entered its Memorandum Opinion and Order dismissing the breach of contract claims against Nationwide, (ECF No. 45), and just over two weeks after this Court

---

[3] Nationwide also argues that the request for leave to amend is prejudicial because it was made two months before the scheduled trial date. (ECF No. 101 at 6.) However, this Court has since continued the trial. (ECF No. 109.)

entered its Memorandum Opinion and Order dismissing Plaintiff's claims against Nationwide Adjusters and denying Plaintiff's motion to remand, (ECF No. 44). (ECF No. 52.) At that point, the case had been pending for more than six months, (*see* ECF No. 1-1 at 4), and the parties were engaged in discovery, (*see* ECF No. 18). Most relevant here, the parties conducted depositions of Nationwide Adjusters, (*see* ECF Nos. 36, 37, 38), which revealed evidence prompting Plaintiff to move this Court for reconsideration of its prior orders, (*see* ECF No. 52). The majority of the allegations in the proposed amended complaint derive from the evidence that Plaintiff submitted in support of the motion to reconsider. (*Compare* ECF No. 100-1, *with* ECF No. 52-1.) Plaintiff represents that many of the other allegations are also the subject of a case he filed in state court against Nationwide and Nationwide Adjusters while this action was pending. (*See* ECF No. 100 at 6 n.2.) As such, any prejudice to Nationwide as a result of Plaintiff's delay in moving to amend the complaint is diminished by Nationwide's knowledge of Plaintiff's claims against Nationwide Adjusters and the basis for them well before the proposed amended complaint was submitted.

Indeed, Plaintiff made the claims against Nationwide Adjusters in his initial complaint, (*see* ECF No. 1-1 at 4–11), but this Court dismissed those claims as inadequately pled, (ECF No. 44). A plaintiff whose claims are dismissed without prejudice due to pleading deficiencies may generally amend his complaint to correct those deficiencies. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626–27 (4th Cir. 2015); *Legg v. KLLM, Inc.*, No. 2:05-cv-00540, 2007 WL 1308974, at *2 (S.D.W. Va. May 3, 2007) ("Leave to amend may be permitted even after a motion to dismiss is granted if the party against whom the dismissal is directed can correct the defective pleading."). Moreover, as Plaintiff points out, he requests leave to amend the complaint principally because this Court suggested that he do so in a telephonic status conference held on

December 19, 2018. (*See* ECF No. 102 at 1; ECF No. 99.) This eliminates any significant concern of bad faith on Plaintiff's part in requesting the amendment.

Relatedly, because Nationwide Adjusters were parties to this action when it was initially filed in state court, this Court concludes that Plaintiff does not seek to amend his complaint solely to defeat this Court's subject matter jurisdiction. West Virginia law provides for a cause of action against "a claims adjuster employed by an insurance company" in his or her personal capacity for violations of the WVUTPA. Syl. Pt. 1, *Taylor v. Nationwide Mut. Ins. Co.*, 589 S.E.2d 55 (W. Va. 2003). In his initial complaint, Plaintiff alleges that Nationwide Adjusters violated the WVUTPA by "fail[ing] to conduct a prompt and reasonable investigation" of his insurance claim. (ECF No. 1-1 at 9.) Plaintiff's proposed amended complaint specifies that McGahan—who is alleged to be a citizen of West Virginia for diversity purposes—failed to investigate Plaintiff's claimed losses for theft of items from his garage and for cable equipment. (ECF No. 100-1 at 2, 13–14.) These allegations appear sufficient to state a WVUTPA claim against McGahan. *See Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1, 12–13 (W. Va. 1996) (discussing "general business practice" element of WVUTPA claim in context of "the handling of a single claim"); *see also* W. Va. Code § 33-11-4(9)(d) (prohibiting "[r]efusing to pay claims without conducting a reasonable investigation based upon all available information"). The fact that the proposed amended complaint makes out a legitimate WVUTPA claim against McGahan suggests that Plaintiff does not seek joinder for the express purpose of depriving this Court of subject matter jurisdiction. *See Mayes*, 198 F.3d at 463 ("[T]he fraudulent joinder doctrine can be yet another element of the district court's 'flexible, broad discretionary approach' to resolving a post removal question of whether a nondiverse defendant should be joined under [§] 1447(e)."); *Weldman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015) (explaining that fraudulent joinder occurs

when "the plaintiff commit[s] outright fraud in pleading jurisdictional facts" or "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court" (emphasis in original)).

Accordingly, having determined that any prejudice to Nationwide as a result of the amendment is minimal and that Plaintiff's request for leave to amend is not brought in bad faith or solely to defeat this Court's subject matter jurisdiction, this Court **GRANTS** Plaintiff's motion to amend the complaint. (ECF No. 100.) In light of the allowed amendment, Plaintiff's motion to reconsider, (ECF No. 52), is **DENIED AS MOOT**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint, (ECF No. 100), is **GRANTED**. Because the amendment deprives this Court of subject matter jurisdiction, this matter is hereby **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 19, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE